IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

PHILIP J. BIEGE                            )
and ESTATE OF NORA A. BIEGE,               )
                                           )
              Plaintiffs,                  )    TC-MD 180399R
                                           )
       v.                                  )
                                           )
DEPARTMENT OF REVENUE,                     )
State of Oregon,                           )
                                           )
              Defendant.                   )    **DECISION**

Plaintiffs appealed Defendant's Notice of Deficiency dated December 26, 2017, for the

2014 tax year. A trial was held on May 7, 2019, in the courtroom of the Oregon Tax Court.

Philip Biege (Biege) appeared and testified on behalf of Plaintiffs. Senait Negash (Negash)

appeared and testified on behalf of Defendant. Plaintiffs' Exhibits 1 to 7 were admitted into

evidence without objection. Defendant's Exhibits A to K were admitted into evidence without

objection.

## I.  STATEMENT OF FACTS

Biege testified that he is a commercial insurance broker with a clientele consisting of

mostly publicly traded companies. He testified that he traveled often to meet clients and

entertain them for business reasons. He testified that he kept all his receipts and tracked his

business expenses using the computer program Quicken. Biege testified that his spouse was a

"residence director" and she handled all the family tax matters. He testified that she passed away

in June 2014, and he had a difficult time preparing their 2014 tax return. Biege testified that

Defendant's auditors denied several deductions taken by Plaintiffs on their 2014 tax return, but

/ / /

he chose to limit his challenge at trial to three: 1) meals and entertainment; 2) travel miles; and 3) cell phone expenses.

Plaintiffs' tax return shows entertainment expenses of $11,138, taken at 50 percent, for a net deduction of $5,569. (Ex 7 at 23.) Biege presented five pages of a Quicken ledger showing a listing of all their entertainment related expenses totaling $11,138. (Ex 3 at 2-6.) Biege testified that only those ledger items with a "memo" listing the business person or entity entertained should have been claimed as business expenses. Those items constitute roughly 60 percent of the total items listed as entertainment expenses on the ledger. Biege testified that the entertainment expenses on his two credit cards could be cross-referenced against his work calendar and the Quicken ledger to substantiate the deduction. He conceded during cross-examination that he did not write down all work-related meetings on his work calendar and did not present the court with receipts. Defendant denied deductions for entertainment expenses in their entirety because it found Plaintiffs' records were "unreliable[.]"

Plaintiffs' tax return shows a calculation for deduction for personal vehicle expenses on the basis of 10,990 business miles, or 78.44 percent of the total vehicle miles for that year. (Ex 7 at 20.) Even though the return calculates the potential amount of deduction using the standard mileage deduction, which is higher than their actual expenses, Plaintiffs opted to use actual expenses of $1,881 for fuel, $628 for auto insurance, and $4,000 in depreciation, for a total deduction of $5,968. (*Id*.) Defendant denied deductions for vehicle expenses in their entirety because it found Plaintiffs' written records did not meet the substantiation requirements of IRC section 274(d).

Plaintiffs' tax return shows a deduction for cell phone expenses in the sum of $3,094. (Ex 7 at 23.) Biege testified that he had one cell phone for business and his spouse had a cell

phone she used in her business that was kept on after her death for personal reasons. Biege testified that there is a third phone included in the expenses, but was not clear whether it was used for business. Plaintiffs' cell phone expenses listed in the Quicken ledger (Ex 3 at 7) matches the deduction taken on the tax return. Plaintiffs' bank accounts document payments to their cell phone provider in the sum of $2,899.20. (Ex 4) For Nora Biege, Plaintiffs' tax return does not show any income from self-employment and does not seek any business deductions for her. Biege testified that he could not give an estimate of the percentage of business use of the cell phones for which he is seeking a deduction.

## II. ANALYSIS

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[1] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). Fourth, Taxpayers are required to keep records "sufficient to show whether or not such person is liable for tax under this title." IRC § 6001.

The tax code allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" IRC § 162(a). Although all tax deductions require proof, there are more stringent rules for travel related expenses. IRC section

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

274(d) provides that no deduction is allowable under section 162 for any traveling expenses unless the taxpayer complies with strict substantiation rules. IRC § 274(d)(1), (4). A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient evidence corroborating his or her own statement. IRC § 274(d)(4); Treas Reg § 1.274–5T(b)(2), (c). "Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement to the level of credibility of a contemporaneous record." *Christine v. Comm'r*, TCM 2010–144, WL 2640125 at *3 (2010), citing Treas Reg § 1.274–5T(c)(1). Further, IRC § 274(d) specifically overrules *Cohan v. Comm'r*, 39 F2d 540 (2nd Cir 1930), which allows courts to make an estimate of expenses without exact corroborating documentary evidence.

A.    *Meals and Entertainment*

Plaintiffs' 2014 tax return claims a deduction of $5,569 for entertainment expenses. In reviewing Plaintiffs' claimed entertainment expenses, the court tested the first page of Plaintiffs' Quicken ledger as a sample. (Ex 3 at 2) That page listed 57 separate expenses of which 36 contained business or individual names in the memo category. Those 36 items were cross-referenced against Biege's calendar of events. (Ex 6 at 2-13.) The court was unable to corroborate *any* of the claimed expenses. In most cases, there are no items listed on the calendar corresponding to the date of the expenses. In those few instances, where there is a calendar item, the entity did not match, or the listing was improbable because the calendar notes that Biege was in a different city -- for example on May 9, 2014, Biege's calendar shows a meeting in Seattle, traveling 498 miles, but the entertainment charge was at PF Chang in Tigard, Oregon. (Compare Ex 3 at 2 with Ex 6 at 6 and Ex 5 at 11, line 22). Additionally, Plaintiffs' credit card shows only

one purchase of gas within days of May 9, 2014, for $48.28, in Milwaukie, Oregon. Biege acknowledged at trial that his truck could not have traveled almost 500 miles to Seattle on the amount of gas he purchased. In short, Plaintiffs' documentary evidence does not support any amount for entertainment expenses. Therefore, deductions for entertainment expenses are not allowed.

B.      *Travel Miles*

Biege asserts that he traveled in his personal vehicle to meet with clients and that by denying the deduction the department is "saying that I never drove to a client the entire year." (Preface to Plaintiffs' Exhibits at 2.) That reaction is a common taxpayer complaint about audit results. However, as explained at trial, a denial of a deduction for travel miles does not mean that a taxpayer did not actually travel for business; it could also mean that the taxpayer has not met the stringent evidentiary burden imposed by the tax code to prove mileage expenses. Such is the case here. The court acknowledges that Biege's testimony that he traveled for business purposes was credible. However, Biege did not keep a contemporaneous log of his business travel or any other written records by which the court could verify the mileage. By his own admission, Biege did not log all his business appointments on his calendar. On cross-examination, Biege was unable to explain why his calendar for a given date could claim mileage more than 500 miles but there were no corresponding expenditures for fuel. Biege has failed to provide documentary evidence corroborating his testimony of the mileage claimed. Biege's calendar that sometimes listed a total mileage for a given day, without location(s), represents insufficient substantiation. Therefore, the deduction for mileage must be denied.

/ / /

/ / /

C.      *Cell Phone*

Plaintiffs claimed a deduction of $3,094 for business cell phone expense. (Ex 7 at 23.) Cell phones are *not* subject to the strict substantiation requirements of IRC section 247(d). The court can apportion cell phone expenses if the taxpayer uses the cell phone for both personal and business use and can even make a reasonable estimate of the deduction if a plaintiff cannot establish the precise amount. *See Cohan*, 39 F2d at 543-44. However, any estimate will "bear[] heavily against the taxpayer who failed to more precisely substantiate the deduction." *Noz v. Comm'r*, 104 TCM (CCH) 350 at 9 (TC 2012).

Biege testified that he used his cell phone for both business and personal use, but when asked by the court, he was unable to offer any estimate for the percentage of business and personal use. Additionally, Biege testified that the expenses for cell phones included two additional phones – one belonging to his wife. Biege's wife passed away midway through the tax year, but the phone was kept on for personal reasons. The tax return does not include any business income or deductions for her business and charges after her death cannot be taken as business deductions. Biege's testimony about the third phone was unclear. Biege did not present any actual cell phone bill to show how many phones were in use or how the charges were broken down. The court believes Biege's testimony that he used his cell for business calls. However, the court is unable to even estimate what percentage of the up to three phones were used for business. As this court has previously stated, the court can make reasonable estimates of certain deductible expenses, but the court will not guess. In this case, no reasonable estimate can be reached based on the evidence presented in this case. Therefore, Plaintiffs' cell phone expenses must be denied.

/ / /

### III.  CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiffs have failed to substantiate their deductions for meals and entertainment, travel miles, and cell phone expense.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this \_\_\_ day of November 2019.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on November 15, 2019.*